UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-20362-RAR
07-CR-20584-RAR-5

STEVEN HARTSFIELD,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER GRANTING MOTION TO VACATE

**THIS CAUSE** comes before the Court on Movant's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255. *See* Amended Motion to Vacate [ECF No. 10] ("Am. Mot."). Before the Court could rule on the Amended Motion, Movant filed an unopposed motion to hold this proceeding in abeyance until the United States Supreme Court rendered a decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *See* Abeyance Motion [ECF No. 28]. The Court granted that motion, *see* Order Granting Abeyance Motion [ECF No. 28], and, once *Taylor* was decided, it directed both parties to provide supplemental briefing explaining how *Taylor* affected the disposition of the Amended Motion, *see* Order Requiring Supplemental Briefing [ECF No. 30]. Both parties have now filed their briefs. *See* Movant's Memorandum of Law [ECF No. 31] ("Movant's Mem."); Respondent's Supplemental Response [ECF No. 33] ("Suppl. Resp.").

Having reviewed *Taylor*, the Amended Motion, the Government's original Response [ECF No. 14] ("Resp."), and the supplemental briefings, the Court finds that there is no longer a factual or legal basis to support Movant's 18 U.S.C. § 924(c) conviction—thus, the Amended Motion is **GRANTED**.

**PROCEDURAL HISTORY**

Movant was charged by Indictment with six counts: conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count 1); attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 4); carrying a firearm in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 6). *See* Indictment, *United States v. Hartsfield*, No. 07-CR-20584-RAR-5 (S.D. Fla. July 26, 2007), ECF No. 28. The charges in this case stem from a sting operation conducted by the Miami-Dade Police Department which learned that Hartsfield and several other confederates "were interested in committing a robbery of a drug stash house." *United States v. Gonzalez*, 322 F. App'x 963, 965 (11th Cir. 2009), *cert. denied sub nom.*, *Pickett v. United States*, 130 S. Ct. 347 (2009). Law enforcement arrested the group outside of the stash house and discovered an "AK-47 assault rifle" and handgun in the defendants' vehicle. *Id.*

The case proceeded to trial where, on October 3, 2007, a jury found Movant <u>not guilty</u> of Counts 1 and 2 of the Indictment, but <u>guilty</u> of Counts 3, 4, 5, and 6. *See* Verdict, *United States v. Hartsfield*, No. 07-CR-20584-RAR-5 (S.D. Fla. Oct. 3, 2007), ECF No. 112 at 1–2. Consistent with the jury's verdict, United States District Judge Ursula Ungaro adjudicated Movant guilty of Counts 3–6 and sentenced him to a term of 360 months in the custody of the Bureau of Prisons. Judgment, *United States v. Hartsfield*, No. 07-CR-20584-RAR-5 (S.D. Fla. Feb. 26, 2008), ECF No. 182 at 2. Movant and his codefendants appealed their conviction and sentences to the United

States Court of Appeals for the Eleventh Circuit, but Movant's conviction and sentences were affirmed. *See Gonzalez*, 322 F. App'x at 974 ("We affirm the convictions of Gonzalez, Hartsfield, and Pickett, and the sentences Hartsfield received.").

Since his conviction was affirmed in 2009, Movant has filed several motions to vacate his sentence pursuant to 28 U.S.C. § 2255. His first § 2255 motion, filed on March 15, 2010, "was predicated on eleven claims of ineffective assistance of counsel," and was particularly focused on counsel's "failure to object to the application of the Armed Career Criminal Act ("ACCA") enhancement[.]" *Hartsfield v. United States*, No. 16-22662-CIV, 2017 WL 10440722, at *1 (S.D. Fla. Feb. 13, 2017), *report and recommendation adopted in part*, 2017 WL 10440721 (S.D. Fla. Mar. 21, 2017). This first motion was denied on the merits. *See id.* at *2. Movant then received permission from the Eleventh Circuit on July 11, 2016, to file a successive § 2255 motion predicated "upon the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court held that the residual clause of [ACCA] is unconstitutionally vague." *Id.* Judge Ungaro ultimately denied this successive motion, finding that "attempted [Hobbs] Act robbery qualifies as a crime of violence" and that "Movant cannot show actual prejudice or actual innocence with regards to his ACCA sentence enhancement." *Hartsfield*, 2017 WL 10440721, at *4. The Eleventh Circuit subsequently affirmed Judge Ungaro's disposition of the successive motion. *See Hartsfield v. United States*, 719 F. App'x 972, 973 (11th Cir. 2018).

On January 24, 2020, the Eleventh Circuit once again gave Movant permission to file a successive § 2255 motion.[1] Movant sought to raise three claims in this motion pursuant to the

---

[1] Movant first attempted to file the successive § 2255 motion with this court, but Judge Ungaro properly dismissed the motion after determining that the court lacked subject matter jurisdiction without Movant first receiving authorization to file it from the Eleventh Circuit. *See* Order Dismissing Motion to Vacate, *United States v. Hartsfield*, No. 07-CR-20584-RAR-5 (S.D. Fla. Dec. 2, 2019), ECF No. 284 at 2.

Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *See* Eleventh Circuit Order [ECF No. 1] at 6. After considering each of Movant's three grounds for relief, the Eleventh Circuit held that Movant "made a *prima facie* showing that he is entitled to relief under *Davis* on his first claim." *Id.* at 13. The Eleventh Circuit reasoned that "the record does not clearly specify which crime or crimes served as the predicate offense(s) for Hartsfield's § 924(c) conviction[,]" which made it difficult to tell whether Movant's conviction on Count 5 was based on an invalid predicate offense. *Id.* at 13–14. In contrast, the Eleventh Circuit did not allow Movant to proceed with the two other claims challenging his conviction on Count 6. *See id.* at 15.

Movant filed his Amended Motion with the Court on June 8, 2020, [ECF No. 10], and the Government filed its Response on July 10, 2020, [ECF No. 14]. On April 6, 2021, the Court issued an Order to Show Cause directing Movant to explain how the Eleventh Circuit's decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021) "does not require this Court to deny Movant's Motion." Order to Show Cause [ECF No. 17] at 1–2. Before the Court could address the applicability of *Granda* to the instant case, Movant moved to hold the case in abeyance pending the Supreme Court's decision in *Taylor*. *See* Abeyance Motion [ECF No. 28] at 3. With *Taylor* now decided, and with the benefit of the parties' supplemental briefing, the Court is now equipped to properly adjudicate the Amended Motion.

## ANALYSIS

Movant's Amended Motion is solely focused on the legality of his conviction on Count 5. Count 5 of the Indictment charged Movant with carrying a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Movant's argument is simple: his conviction on Count 5 is now illegal because it was predicated on Count 3 (conspiracy to commit Hobbs Act robbery) and Count 4 (attempted Hobbs Act robbery), both of which are no longer

considered "crimes of violence." *See* Am. Mot. at 4–5 ("Mr. Hartsfield's § 924(c) conviction in count 5 should be vacated because the operative predicate offense . . . of which Mr. Hartsfield was found guilty [of] . . . is not a 'crime of violence' under § 924(c)(3)(A)."); Movant's Mem. at 5 ("Accordingly, because Attempted Hobbs Act Robbery does not qualify as a 'crime of violence' . . . [the] 60-month consecutive sentence on count five was beyond what was authorized by his other statutes of conviction.").

Movant requests that the Court vacate his conviction on Count 5 and resentence him on all remaining counts since "the presentence report is no longer accurate in its sentencing calculations[.]" Movant's Mem. at 7. Respondent, in turn, asserts that Movant's *Davis* claim has been procedurally defaulted and no equitable exception to the default applies. Resp. at 3–4. It also alleges Movant "fail[s] to establish that his § 924(c) conviction resulted from the application of solely the residual clause[.]" Suppl. Resp. at 1. The Court agrees with Movant's position that Count 5 is no longer supported by a valid crime of violence predicate, and Movant's procedural default can be excused under the "actual innocence" exception.

### A. Applicable Precedent

In *United States v. Davis*, the Supreme Court addressed a challenge to 18 U.S.C. § 924(c), a statute which "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." 139 S. Ct. at 2323. Specifically, the statute creates a separate federal offense for when a defendant possesses a firearm during the commission of a "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines a "crime of violence" in two different ways. The first definition, found under the "elements clause," defines a crime of violence as any felony which "has as an element the use, the attempted use, or threatened use of physical force against the person or property of another[.]" *Id.* § 924(c)(3)(A). The second,

"residual clause," also categorized any felony offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" as a "crime of violence." *Id.* § 924(c)(3)(B). Ultimately, the Supreme Court held that—much like other, similar "residual clauses" from other federal statutes—§ 924(c)'s residual clause was unconstitutionally vague since it depended on "a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case[,]'" which inherently leads to judicial inquiries replete with "unpredictability and arbitrariness." *Davis*, 139 S. Ct. at 2326 (citing *Johnson*, 576 U.S. at 598).

*Davis* led to more important developments in Eleventh Circuit jurisprudence which, in turn, allowed Movant to file the instant successive Amended Motion. The Eleventh Circuit first held that *Davis* "has been 'made' retroactively applicable to criminal cases" on collateral review and could form the basis of a valid, successive § 2255 motion. *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). And in *Brown v. United States*, the Eleventh Circuit concluded that "conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence,' a defined by [the elements clause]." 942 F.3d 1069, 1075 (11th Cir. 2019). Consequently, any § 924(c) conviction "predicated solely upon [Hobbs Act conspiracy]" was no longer valid pursuant to *Davis*. *Id.* at 1076. This combination of *Davis*, *Hammoud*, and *Brown* is what led the Eleventh Circuit to grant Movant's application to file a successive § 2255 motion in this Court. *See* Eleventh Circuit Order [ECF No. 1] at 14 ("Thus, because Hartsfield's § 924(c) conviction might be predicated on his conviction for conspiracy to commit Hobbs Act robbery, he has made a *prima facie* showing that his *Davis* claim satisfies the statutory criteria of § 2255(h)(2) on the basis that his conviction may be unconstitutional under *Davis*, as he potentially was convicted under the now-invalid residual clause of § 924(c)(3)(B).").

However, the invalidation of § 924(c)'s residual clause did not necessarily entitle every federal prisoner convicted of a § 924(c) offense to relief. This reality was discussed in depth by a trio of Eleventh Circuit decisions: *Granda*, *Parker v. United States*, 993 F.3d 1257 (11th Cir. 2021), and *Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 500 (2021). *Granda*, *Parker*, and *Foster* addressed two fundamental questions. *First*, the Eleventh Circuit had to determine what to do if a *Davis* claim was procedurally defaulted because the defendant "did not argue in the trial court, or on direct appeal, that his [conviction] was invalid since the § 924(c)(3)(B) residual clause was unconstitutionally vague." *Granda*, 990 F.3d at 1285–86. The court confirmed that, like any other claim on collateral review, a procedurally defaulted *Davis* claim can only be raised if the movant "show[s] cause to excuse the default <u>and</u> actual prejudice from the claimed error" or that he or she "is actually innocent of the [§ 924(c)] conviction[.]" *Id.* at 1286 (emphasis in original). However, the Eleventh Circuit also held that a postconviction movant <u>cannot</u> show "cause" to overcome the procedural default of a *Davis* claim since "a vagueness-based challenge to the § 924(c)(3)(B) residual clause was not sufficiently novel to establish cause[.]" *Parker*, 993 F.3d at 1265; *accord Granda*, 990 F.3d at 1288 ("The tools existed to challenge myriad other portions of § 924(c) as vague; they existed to support a similar challenge to its residual clause.").

The second question addressed by *Granda* concerns the merits of a *Davis* claim: If multiple predicate offenses—some valid and some invalid—could have supported a § 924(c) conviction, how can a court determine if the § 924(c) conviction is constitutionally infirm? *See, e.g.*, *Granda*, 990 F.3d at 1285 ("Thus, any one of Counts 1, 2, 4, or 5 could have validly predicated Granda's Count 6 conviction. Count 3 could not have. But we cannot tell from the general verdict whether the jury relied on Counts 1, 2, 4, or 5 (alone or in combination with one another), or on any of

them in addition to Count 3, or on Count 3 alone."). The Eleventh Circuit's solution was to utilize the harmless error test laid out in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), which precludes relief unless the court "has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Foster*, 996 F.3d at 1107 (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)). In this circumstance, *Granda* and its progeny held that a movant would fail to satisfy the *Brecht* standard if the "conspiracy to commit Hobbs Act robbery [or other invalid predicate] was inextricably intertwined with the other [valid] predicate offenses." *Granda*, 990 F.3d at 1293. Such an offense is considered "inextricably intertwined" when "[t]he tightly bound factual relationship of the predicate offenses precludes [movants] from showing a substantial likelihood that the jury relied solely on [an invalid offense] to predicate its conviction on [a § 924(c) offense]." *Id*. at 1291.

Even in the wake of *Davis* and *Brown*, the Eleventh Circuit continued to hold that attempted Hobbs Act robbery "categorically qualifies as a crime of violence under the § 924(c)(3) elements clause[.]" *Id.* at 1285 (citing *United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018)). This previously settled precedent has been conclusively abrogated by the Supreme Court's decision in *Taylor*. The *Taylor* Court held that attempted Hobbs Act robbery <u>does not</u> qualify as a "crime of violence" under § 924(c)'s elements clause since "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." 142 S. Ct. at 2021. It also expressly rejected the same reasoning adopted by the Eleventh Circuit in *St. Hubert* that "the elements clause encompasses not only any offense that qualifies as a 'crime of violence' but also any attempt to commit such a crime." *Id*. The Court's decision in *Taylor* clearly provides that a § 924(c) conviction is invalid if its sole predicate is attempted Hobbs Act robbery. *See Madison v. United States*, No. 19-14132, 2022 WL 3042848, at *1 (11th Cir. Aug. 2, 2022)

(vacating the defendant's § 924(c) conviction "based on attempted Hobbs Act robbery" since "*Taylor* governs"); *see also, e.g.*, *Davis v. United States*, No. 3:16-cv-384, 2022 WL 4006930, at *2 (W.D.N.C. Sept. 1, 2022) ("Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not qualify categorically as a crime of violence under § 924(c)(3)(A)'s force clause.").

### B. Application to Hartsfield's Case

Having reviewed the ever-changing landscape of § 924(c), the Court must now determine how all of this precedent impacts Movant's § 2255 motion. To begin, the Court agrees with Movant that Count 5 is now illegal since it is no longer supported by a valid predicate offense. Prior to *Taylor*, the Respondent could (and did) rely on *Granda*'s holding that a § 924(c) conviction passes muster under *Davis* so long as: (1) there are <u>both</u> valid and invalid predicate offenses which the jury could have used to adjudicate the defendant guilty of the § 924(c) offense, and (2) the valid and invalid offenses are "inextricably intertwined." *See Granda*, 990 F.3d at 1293 ("Granda's conspiracy to commit Hobbs Act robbery was inextricably intertwined with the other predicate offenses. . . . On this record, there can be no grave doubt about whether the inclusion of the invalid predicate had a substantial influence in determining the jury's verdict."). Just like the defendants in *Granda*, *Parker*, and *Foster*, Movant was involved in a "stash house" robbery. *Compare Gonzalez*, 322 F. App'x at 965, *with Granda*, 990 F.3d at 1289–90, *Parker*, 993 F.3d at 1259, *and Foster*, 996 F.3d at 1103. Therefore, there is no dispute that Counts 3 and 4 (Hobbs Acts conspiracy and attempted Hobbs Act robbery) were "inextricably intertwined" because "no rational juror could have found that [Movant] carried a firearm in relation to one predicate but not the other." *Granda*, 990 F.3d at 1290 (quoting *United States v. Cannon*, 987 F.3d 924, 948 (11th

Cir. 2021)). So long as attempted Hobbs Act robbery was considered a "crime of violence" under Eleventh Circuit precedent, the Court had a legal basis to deny the Amended Motion on its merits—irrespective of whether the procedural default applied.

*Taylor*, of course, changed this calculus. *Granda*, *Parker*, and *Foster* all concerned instances where there was a combination of valid and invalid predicates—*i.e.*, the same situation Movant was in until June 21, 2022. Now, with the Supreme Court holding that "[a]ttempted Hobbs Act robbery does not require proof of *any* of the elements § 924(c)(3)(A) demands[,]" it is plain that Movant's § 924(c) conviction on Count 5 is now based on two invalid predicates: Hobbs Act conspiracy and attempted Hobbs Act robbery. *Taylor*, 142 S. Ct. at 2025; *see also Brown*, 942 F.3d at 1075 ("[C]onspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence[.]'").

Still, in spite of *Taylor*, Respondent argues that Movant is not entitled to relief for two reasons. *First*, Respondent claims that Movant is not entitled to relief on the merits based on the Eleventh Circuit's decisions in *Alvarado-Linares v. United States*, 44 F.4th 1334 (11th Cir. 2022), *Pitts v. United States*, 4 F.4th 1109 (11th Cir. 2021), and *Williams v. United States*, 985 F.3d 813 (11th Cir. 2021). *See* Suppl. Resp. at 6–10. *Second*, Respondent contends that—even if Movant could succeed on the merits—the Amended Motion must still be dismissed as procedurally defaulted since Movant did not challenge his § 924(c) sentence as unconstitutionally vague and neither of the equitable exceptions to a default applies. *See* Resp. at 3–4. Movant replies that the recent Eleventh Circuit cases cited by Respondent are inapplicable to the instant case, *see* Reply [ECF No. 34] at 6–10, and his claim has not been procedurally defaulted, *see id.* at 13–19.

### i. *Movant Has Proven that Count 5 is Illegal*

The Court finds Respondent's first argument to be unpersuasive because it misinterprets

the Eleventh Circuit's prior holdings. Respondent relies on *Alvarado-Linares*, *Pitts*, and *Williams* for the proposition that Movant has the burden of showing "that the jury relied solely on the residual clause when Movant was convicted of Count 5 of violating § 924(c)." Suppl. Resp. at 8.[2] While this is an accurate statement of the law in the abstract, that specific case law does not apply here. In each of the three cases cited by Respondent, the Eleventh Circuit addressed situations where it was <u>unclear</u> if a movant's § 924(c) conviction was based on the elements clause or the now-defunct residual clause. *See Williams*, 985 F.3d at 817 ("Williams argues that more likely than not the sentencing court classified his federal kidnapping conviction as a violent felony under the residual clause. . . . Williams argues that case law at the time of his sentencing makes it unlikely the sentencing court relied on the elements clause."); *Pitts*, 4 F.4th at 1118 ("[I]t is unclear from the record whether the sentencing court relied on the residual clause or the elements clause . . . or [both] of them."); *Alvarado-Linares*, 44 F.4th at 1341 ("The government argues that VICAR murder and attempted murder are 'crimes of violence' under the elements clause such that we can be confident the now-unconstitutional residual clause played no role in Alvardo-Linares's conviction for the corresponding firearm offenses[.]"). In these situations, the movant had the burden to prove that his or her § 924(c) conviction was <u>solely predicated</u> on the residual clause—a difficult task because the same predicate offenses could have also been valid under the elements clause. *See, e.g.*, *Williams*, 985 F.3d at 815–16 ("Indeed, persuasive authority supported a sentence under either or both the residual and elements clauses."); *Alvarado-Linares*, 44 F.4th at 1348 ("Alvarado-Linares's VICAR convictions, predicated on his commission of murder and attempted

---

[2] Importantly, both *Williams* and *Pitts* address the residual clause from ACCA, not § 924(c). *See Williams*, 985 F.3d at 814; *Pitts*, 4 F.4th at 1111. However, as the Supreme Court stated in *Davis*, ACCA's residual clause and § 924(c) are nearly identical, *see Davis*, 139 S. Ct. at 2325–26, so cases discussing one of the clauses can be persuasive in interpreting the other, *see Alvardo-Linares*, 44 F.4th at 1341 (relying, in part, on the holding in *Williams*).

murder, qualify as crimes of violence under Section 924(c)'s elements clause. That means that his corresponding firearms convictions are still valid after *Davis*'s holding that the residual clause is unconstitutional.") (parentheticals removed).

Suffice to say, that situation does not apply here. As the law currently stands, both Hobbs Act conspiracy and attempted Hobbs Act robbery are not crimes of violence under § 924(c)'s elements clause. *See Taylor*, 142 S. Ct. at 2021; *Brown*, 942 F.3d at 1075. And, obviously, neither of these crimes can be valid predicate offenses under the unconstitutional residual clause. It is irrelevant if the trial court or the jury applied the elements clause or residual clause because Movant's predicate offenses are not crimes of violence under either of § 924(c)'s clauses—indeed, there is no longer any ambiguity on that point. In short, Respondent's argument is a classic "red herring" since it only serves to distract from the obvious and powerful fact in Movant's corner: none of Movant's convictions are (at least at the present time) a "crime of violence," so there no longer is a valid predicate supporting Count 5. Movant has met his burden of showing that (1) Counts 3 and 4 are not crimes of violence under the elements clause and would therefore be illegal § 924(c) predicates, and (2) if Counts 3 and 4 were considered crimes of violence under the residual clause, then Count 5 is incontrovertibly tainted by this unconstitutional statute. In short, the Court agrees that Movant has presented a valid *Davis* claim on the merits.

### ii. *Movant's Procedural Default is Excused*

With Respondent's first argument disposed of, the Court now turns to the more pressing procedural default issue. There is no dispute that Movant failed to challenge Count 5 as unconstitutionally vague on direct appeal. *See generally Gonzalez*, 322 F. App'x at 964–74. "Under the procedural default rule, a defendant must generally advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a

habeas proceeding." *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013). The default can only be excused "if one of two exceptions applies. . . . (1) cause and actual prejudice, and (2) actual innocence." *Id.* Respondent argues that neither of these exceptions apply. *See* Resp. at 3–4. Movant, naturally, believes he can meet both exceptions. *See* Reply at 14–19.[3] Although the Court agrees that "cause and prejudice" cannot be demonstrated, it ultimately finds that Movant is entitled to relief since the "actual innocence" exception applies.

*Granda* definitively and unquestionably forecloses Movant from arguing that the "cause and prejudice" exception applies in this case. As the name suggests, "[f]or a default to be excused under ['cause and prejudice'], 'a convicted defendant must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains.'" *Fordham*, 706 F.3d at 1349 (emphasis added) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). The long and short of it is that Movant cannot show "cause" for his failure to attack the constitutionality of his § 924(c) sentence on direct appeal. As *Granda* recognized, a defendant's negligence in raising a constitutional claim can be excused when the claim "is so novel that its legal basis is not reasonably available to counsel[.]" *Granda*, 990 F.3d at 1286 (quoting *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004)). Unfortunately for Movant, the Eleventh Circuit conclusively and irrefutably held that Movant and his counsel were not "deprive[d] of the tools to challenge the § 924(c) residual clause," barring Movant from "show[ing] cause to excuse his procedural default." *Id.* at 1287–88; *see also Torres*, 2022 WL 894545, at *4 ("*Granda* also forecloses Torres's argument that he can establish cause . . . to overcome his

---

[3] Movant also maintains his claim has not been procedurally defaulted since "[i]t is a jurisdictional error to impose a sentence beyond what is authorized by statute." Reply at 13. This specific argument has been rejected by the Eleventh Circuit, so the Court need not address it further. *See, e.g.*, *United States v. Torres*, No. 20-14416, 2022 WL 894545, at *3 (11th Cir. Mar. 28, 2022) ("The district court erred by classifying Torres's challenge as jurisdictional.").

procedural default.").[4]  Because Movant cannot show prejudice, the Court need not address if "actual prejudice" exists. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.").

On the other hand, the Court finds that Movant had demonstrated he is "actually innocent" of Count 5. Admittedly, this exception is "exceedingly narrow in scope" as it requires Movant to show that he is factually innocent of the charge against him—legal insufficiency is not good enough. *Lynn v. United States*, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004). "To establish actual innocence, [Movant] must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). For a defendant to be adjudicated guilty of a § 924(c) offense, a jury must find: "(1) that the defendant committed the underlying federal offenses, (2) that the defendant used, carried, or possessed a firearm, [(3)] that any use, carriage, or possession of the firearm occurred during and in relation to (or in furtherance of) the federal offense, [and] also—importantly—(4) <u>that the federal offense was in fact a 'crime of violence</u>.'" *Ovalles v. United States*, 905 F.3d 1231, 1250 (11th Cir. 2018) (en banc) (emphasis added), *abrogated by Davis*, 139 S. Ct. 2319; *see also* Jury Instructions, *United States v. Hartsfield*, No. 07-CR-20584-RAR-5 (S.D. Fla. Oct. 4, 2007), ECF No. 115 at 18 (requiring the jury to find whether Movant "committed a drug trafficking offense or crime of violence" before finding him

---

[4] Movant provides a barrage of reasons why the Court should find he has demonstrated "cause" to excuse the default. *See* Reply at 14–16. But these same arguments were explicitly rejected by the Eleventh Circuit in *Granda*. *See, e.g.*, *Granda*, 990 F.3d at 1287 ("Moreover, the case law extant at the time of Granda's appeal confirms that he did not then lack the 'building blocks of' a due process vagueness challenge to the § 924(c) residual clause."). Insofar as Movant argues that *Granda* was wrongly decided, the Court is not at liberty to disregard binding precedent from the Eleventh Circuit. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction[.]").

guilty of Count 5). In other words, "[t]o sustain a conviction under 18 U.S.C. § 924(c)(1)(A), . . . the government must have offered <u>sufficient evidence to prove</u> beyond a reasonable doubt that [Movant]: (1) knowingly (2) possessed a firearm (3) during and in relation to a drug trafficking crime <u>or a crime of violence</u>." *United States v. Isnadin*, 742 F.3d 1278, 1307 (11th Cir. 2014) (emphasis added).

In light of *Davis*, *Taylor*, and *Brown*, a jury empaneled today could not find, as a factual matter, that Movant committed a § 924(c) offense, as neither Count 3 nor Count 4 of the Indictment are "crimes of violence." As Movant correctly states, "[o]ther courts have agreed that defendants whose § 924(c) convictions are predicated on non-violent offenses are 'actually innocent,' and not procedurally barred from bringing § 2255 motions pursuant to *Davis*." Reply at 17; *see also, e.g.*, *United States v. Reece*, 938 F.3d 630, 634 n.3 (5th Cir. 2019) ("If Reece's convictions were based on the definition of [crime of violence] articulated in § 924(c)(3)(B) [the residual clause], then he would be actually innocent of those charges under *Davis*."); *United States v. Bowen*, 936 F.3d 1091, 1108 (10th Cir. 2019) ("We conclude that Bowen's witness retaliation convictions do not qualify as crimes of violence . . . so Bowen is actually innocent of § 924(c)(1)."); *Hernandez v. United States*, No. 19-23193-CV, 2021 WL 6101245, at *4 (S.D. Fla. Nov. 15, 2021) ("[T]he government concedes Movant is actually innocent as to Count 3 because Hobbs Act extortion, the only predicate offense for that § 924(c) charge, does not qualify as a predicate offense under the elements clause in § 924(c)(3)(A)."), *report and recommendation adopted*, 2021 WL 6072814 (S.D. Fla. Dec. 23, 2021); *Finch v. United States*, No. 3:20-cv-00653, 2022 WL 2392928, at *5 (M.D. Tenn. July 1, 2022) ("In sum, neither Finch's conviction for attempted Hobbs Act robbery nor his conviction for attempted Hobbs Act extortion satisfies the elements clause of 18 U.S.C. § 924(c). In view of *Davis*'s nullification of § 924(c)'s residual clause, this means that Finch's

convictions for these acts cannot provide the predicate offense for his conviction under 18 U.S.C. § 924(c)(1). Stated differently, Finch is innocent of the § 924(c)(1) charge set forth in Count III and his procedural default is excused.").[5]

Since the jury never found that Movant committed a drug trafficking offense or a crime of violence, there is no longer a factual or legal basis to support Movant's conviction on Count 5. As the Court previously found, Movant has demonstrated that his conviction on Count 5 is no longer legal, as it lacks a valid "crime of violence" predicate to support it. Accordingly, the Court hereby **GRANTS** the Amended Motion and **VACATES** Movant's conviction and sentence on Count 5.

### iii. A Full Resentencing is not Required

The Court's final task is to determine how Movant should be resentenced. Movant asserts the Court must undertake a *de novo* sentencing in order to issue a corrected Presentence Investigation Report and reconsider the relevant 18 U.S.C. § 3553(a) factors in the absence of Count 5. *See* Movant's Mem. at 5–7. The "sentencing package doctrine" provides that, if a district court vacates one count in a multi-count case, it has the discretion to "reconstruct the [entire] sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014).

However, an entirely new resentencing is unnecessary unless the sentence attached to the vacated count is "interdependent" with other sentences on other counts. *See United States v. Pubien*, 805 F. App'x 727, 730–31 (11th Cir. 2020); *Willtis v. United States*, 182 F. Supp. 3d 1278, 1281 (M.D. Fla. 2016). Judge Ungaro's original sentence provided for Counts 3, 4, and 6 to be a

---

[5] The Court recognizes that some district courts have held "the actual innocence exception is inapplicable in the context of a *Davis* claim[,]" even if all the predicate offenses have been invalidated. *Johnson v. United States*, No. 8:20-cv-2280, 2021 WL 1103708, at *5 n.7 (M.D. Fla. Mar. 23, 2021). The Court rejects this position since: (1) the majority of courts addressing this question (including two circuit courts of appeal) have decided otherwise, and (2) whether a defendant committed a "crime of violence" is undoubtedly a fact which the Government must prove beyond a reasonable doubt to convict that defendant.

"package sentence" which totaled 300 months in the custody of the Bureau of Prisons. *See* Judgment, *United States v. Hartsfield*, No. 07-CR-20584-RAR-5 (S.D. Fla. Feb. 26, 2008), ECF No. 182 at 2 ("This term consists of 240 months as [to Counts] Three and Four to be served concurrently; 180 months as to Count Six (which shall be served as follows: 120 months concurrent to Counts Three and Four and 60 months consecutive to Counts Three and Four)[.]"). In contrast, Count 5's sentence was merely a 60-month sentence tacked on to the end of the "package" sentence which incorporated Counts 3, 4, and 6. *See id.* ("60 months as to Count Five to be served consecutively to all other counts."); *see also United States v. Baez*, 417 F. App'x 852, 854 (11th Cir. 2011) ("Section 924(c) further states that the sentence imposed under § 924(c) must run consecutively to any other term of imprisonment imposed on the defendant.").

Since Count 5's sentence is clearly independent of Movant's other sentences, the Court finds that a full resentencing is not necessary, and the 300-month total sentence crafted by Judge Ungaro for Counts 3, 4, and 6 should stand. Only Count 5 (and its consecutive 60-month sentence) shall be vacated. *See Madison*, 2022 WL 3042848, at *1 (requiring the district court to only vacate the consecutive 60-month sentence attached to a now-invalid § 924(c) conviction).

## CERTIFICATE OF APPEALABILITY

A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a postconviction movant must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, although the Court has granted Movant's Amended Motion, Eleventh Circuit precedent indicates that Movant could still seek a certificate of appealability ("COA") based on the Court's decision not to conduct a full *de novo* resentencing. *See United States v. Cody*, 998 F.3d 912, 915–16 (11th Cir. 2021).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would debate either "whether the [motion] states a valid claim or the denial of a constitutional right" or "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the correctness of the Court's rulings debatable. Accordingly, a COA is denied and shall not issue.[6]

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Amended Motion [ECF No. 10] is **GRANTED**. Movant's conviction and sentence on Count 5 of the Indictment is **VACATED**; Movant's other convictions and sentences shall remain intact. An amended judgment reflecting this Court's Order will be prepared forthwith. A certificate of appealability shall **NOT ISSUE**. All other pending motions are **DENIED as MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of September, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[6] As far as the Court can tell, this COA requirement only applies to postconviction movants and habeas petitioners. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[A] habeas petitioner must obtain a [COA] to appeal a federal district court's final order in a habeas proceeding."). Consequently, it appears that the Government can seek an appeal of this Order without moving for a COA. *See, e.g.*, *Mann v. United States*, 754 F. App'x 812, 813 (11th Cir. 2018) (allowing the Government to appeal without referencing a COA), *vacated on other grounds by* 139 S. Ct. 2774 (2019). If the Government wishes to appeal this Order, and a COA is ultimately required, the Court would be inclined to grant a COA given the unsettled nature of the law.